Argued August 22, affirmed November 5, petition for rehearing denied November 29, 1973, petition for review denied January 15, 1974

SPORTSERVICE CORPORATION, *Petitioner, v.*
THE OREGON LIQUOR CONTROL COM-
MISSION, *Respondent.*
515 P2d 731

*Raymond J. Conboy,* Portland, argued the cause for petitioner. With him on the brief were Pozzi, Wilson & Atchison, Portland.

*John W. Osburn,* Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, John E. Moore, Chief Trial Counsel, and Al J. Laue, Assistant Attorney General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FORT, J.

Petitioner was issued a seasonal liquor and dispenser's license and various Class A and Class B liquor licenses by respondent for the sale of beer and liquor at the Portland Meadows Race Track. Sportservice Corporation has a long-term contract with Portland Meadows Race Track which grants it the exclusive right to sell such beverages.

The OLCC, after hearing, refused to renew the licenses for the year 1973. Sportservice has timely petitioned this court for judicial review pursuant to the Administrative Procedure Act. ORS 183.480.

Petitioner corporation is owned and controlled by Emprise Corporation, a New York corporation. The latter was convicted in United States District Court for the Central District of California of the felony of conspiracy, interstate transportation in aid of racketeering. 18USC § 371, commonly known as the Federal Travel Act. It was fined $10,000. Thereafter, it appealed the conviction to the Ninth Circuit Court of Appeals, where it is now pending. The sentence was stayed pending the appeal.

Respondent Oregon Liquor Control Commission (OLCC) refused to renew the licenses held by Sportservice Corporation based primarily on that conviction. Petitioner assigns a number of errors.

■ A principal assignment is based on the failure of respondent to treat the appeal of the felony conviction of Emprise Corporation in United States District Court as, in effect, staying the conviction and thus voiding the Commission's finding that Emprise had been convicted of a felony.

ORS 471.295 (4) (d) provides that the Commission may refuse to license an applicant if it has reasonable ground to believe that the applicant "* * * has been convicted at any time of a felony."

ORS 471.301 (1) (c) provides that once a license is granted, it shall "[b]e renewable * * * except for a cause which would be grounds for refusal to issue such license under ORS 471.295 * * *."

ORS 471.757 provides:

"(1) At such times as the Oregon Liquor Control Commission may prescribe and upon forms furnished by the commission, any licensee of the commission under this chapter and ORS chapter 472 may be required to submit a sworn statement to the commission showing the name, address and the nature and extent of the financial interest of each person, individual and corporate having a financial interest in the business operated under the license.

"(2) The commission shall review the statement and may suspend, cancel or refuse to renew the license of any licensee when conditions exist in relation to any person having a financial interest in the place of business which would constitute grounds for refusing to issue a license or for cancellation or suspension of a license if such person were the licensee. However, in cases where the financial interest is held by a corporation, only the officers and directors of the corporation, any individual or combination of individuals who own a controlling financial interest in the business and any manager of the

business shall be considered persons having a financial interest within the meaning of this subsection."

In *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 490, 405 P2d 510, 407 P2d 250 (1966), an appeal involving a suspended attorney, the court said:

"The defendant may be correct in his belief that his conviction will be set aside. Be that as it may, he presently stands as a convicted man. All presumptions and intendments on that score are against him until such time as the conviction is reversed or set aside. * * *"

The attorney had been suspended under Rule I (now Rule 8.05) of the Oregon Supreme Court which provided:

"Whenever it appears to the Supreme Court that any member of the bar has been convicted of a misdemeanor involving moral turpitude or of a felony, the Court may summarily suspend such member. * * *"

We hold "conviction" has the same meaning under the liquor licensing statutes.

In examining the pertinent liquor-licensing statutes, we note that ORS 471.295 provides that:

"The commission may refuse to license any applicant if it *has reasonable ground to believe* any of the following to be true:

"* * * * *

"(4) That the applicant:

"* * * * *

"(d) Has been convicted of violating any of the alcoholic liquor laws of this state, general or local, or has been convicted at any time of a felony. * * *" (Emphasis supplied.)

ORS 471.315 (1) provides:

"The commission may cancel or suspend any

license if it finds *or has reasonable ground to believe* any of the following to be true:

"(1) That the licensee:

"* * * * *

"(i) * * * has been convicted of a felony * * *."

(Emphasis supplied.)

We do not construe this language as requiring the finality petitioner urges. To do so would defeat the very purpose of the control of and limitations upon the sale of alcoholic liquor in the public interest. *Olds v. Kirkpatrick,* 185 Or 105, 112, 191 P2d 641 (1948). Accordingly we hold that the Commission properly concluded Emprise Corporation had been convicted of a felony within the meaning of ORS 471.295 (4) (d). Furthermore, by the Commission's order, it will re-evaluate its denial of the renewals to Sportservice if Emprise's conviction is reversed on appeal. By definition,

"(1) A license granted under the Liquor Control Act shall:

"(a) Be a purely personal privilege." ORS 471.301 (1) (a).

In *Gouge v. David,* 185 Or 437, 463, 202 P2d 489 (1949), the court pointed out:

"* * * No one has a constitutional right to engage in the liquor traffic * * *."

*See also: California v. LaRue,* 409 US 109, 93 S Ct 390, 395, 34 L Ed 2d 342 (1972); U.S. Const. amend. XXI, § 2.

■ Petitioner next asserts that ORS 471.757 (2) insulates it from accountability for the felony conviction of its parent corporation, Emprise. Petitioner contends in its brief:

"* * * Apparently the legislature deemed corporations themselves to be neutral entities,

whose qualifications are gauged by the acts of officers, directors, managers or individual owners. In order to disqualify Sportservice Corporation as a licensee, it was necessary for the Commission to attach some statutory disqualification to an individual officer, director, or stockholder of Sportservice Corporation. * * *"

We do not agree. We read section (2) of ORS 471.757 as providing that, in general, a licensee is just as accountable for the acts of its investors as for its own acts. However, the second sentence insulates the licensee from responsibility for the acts of persons whose only connection with the licensee is via a corporation which itself owns a financial interest in the licensee. In other words, the acts of a person associated with a financially-interested corporation will not be imputed to the licensee unless that person is an officer, director, manager or either, alone or collectively, is a controlling investor in that corporation. The limitation is directed to persons remotely associated with the financially-interested corporation, but not the investor corporation itself. In accord with this construction of ORS 471.757 are the licensee qualification statutes referred to therein. Since petitioner is owned and controlled by its parent corporation, Emprise, and the owners thereof, it is obvious this limitation does not here apply: *See also: Palm Gardens, Inc. v. OLCC*, 15 Or App 20, 514 P2d 888 (1973), Sup Ct *review denied* (1974).

These qualification statutes② apply to any applicant or licensee whether corporate or individual. For instance, ORS 471.315 provides that:

"The commission may cancel or suspend any

---

② ORS 471.295; 471.301 (1)(c); 471.315; 472.141 (1)(c); 472.160; 472.180.

license if it finds or has reasonable ground to believe any of the following to be true:

"(1) That the licensee:

"(a) Or any of its principal officers, has violated any provision of this chapter * * *."

Since there is no legislative policy to "neutralize" violations of the liquor licensing statutes that are caused by corporate rather than individual licensees, we believe that had the legislature intended to distinguish investor corporations in this respect, it would have clearly so provided.

Accordingly, we hold that ORS 471.757, 471.301 (1)(c), and 471.295, together, authorize the Commission's refusal to renew Sportservice's liquor licenses on the ground that its parent corporation, Emprise, was convicted of a felony.

Petitioner next asserts the Commission erred in admitting the information and portions of the testimony from the Emprise trial. For reasons hereinafter stated, we need not decide the admissibility of these exhibits.

As conceded by petitioner, the Commission made it clear that the refusal to renew the licenses was ultimately based on the Emprise felony:

## "DECISION

"Based on the record and the findings of facts and conclusions of law, it is the decision of the Oregon Liquor Control Commission that all liquor licenses held by licensee, Sportservice, will be refused renewal unless and until the felony conviction of Emprise is reversed on appeal. In the event the conviction of Emprise is reversed on appeal, the fitness of licensee may be re-evaluated at that time."

Petitioner concedes Emprise has been convicted by a jury of a felony, and that Emprise has a controlling financial interest in Sportservice. Petitioner presented no evidence as to the underlying circumstances of the conviction.

Since we hold these facts are sufficient to support the Commission's decision, we find it unnecessary to consider the remaining assignments of error.

Affirmed.