THE SPECK RESTAURANT, INC., *Petitioner,*

*v.*

OREGON LIQUOR CONTROL
COMMISSION, *Respondent.*

(CA 4928)

545 P2d 601

*Richard M. Botteri,* Portland, argued the cause for

petitioner. With him on the brief were George H. Fraser, Stephen T. Janik, and Davies, Biggs, Strayer, Stoel & Boley, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

Petitioner was denied a renewal of its liquor license by the Oregon Liquor Control Commission and appeals. This matter was heard upon stipulated facts. We summarize pertinent portions. Petitioner, The Speck Restaurant, Inc., has for a number of years been a holder of a Class A retail dispenser's license from respondent Commission and sells alcoholic beverages pursuant thereto in connection with its restaurant business. It is also the holder of a franchise from KFC, a corporation, authorizing it to sell Kentucky Fried Chicken. About two years ago, KFC Corporation was purchased by Heublein, Inc., and became a wholly owned subsidiary of that company. Heublein, Inc. is engaged in the manufacture and sale of alcoholic beverages throughout the nation, including Oregon. Petitioner under its franchise receives certain benefits and assumes certain liabilities, including payment of a fee of seven cents to KFC for each chicken consumed in its business operation. Petitioner is but one of a vast number of such franchise holders of KFC Corporation.

Following the acquisition of KFC Corporation by Heublein, the Commission refused to renew petitioner's liquor license.

ORS 471.455(1) provides:

"Except as permitted under ORS 471.465:

"(1) No manufacturer or wholesaler of any alcoholic liquor, and no officer, director or substantial stockholder of any corporate manufacturer or wholesaler of alcoholic liquor, shall have any right, title, lien, claim or interest, financial or otherwise, in, upon, or to the premises, equipment, business or merchandise of any licensee authorized to sell alcoholic liquors at retail."

The Commission denied the renewal of petitioner's license based upon that statute.

We agree. The statute is plain and unambiguous. We are not at liberty to read into it what it does not contain, nor to remove from it what it does. *Franklin v.*

*State Ind. Acc. Com.,* 202 Or 237, 274 P2d 279 (1954). Petitioner contends in its brief that the Commission's decision stems from its insistence upon reading the statutes literally. The Commission is required to follow a plain and unambiguous statute just as we are.

It is conceded that KFC Corporation is now a wholly owned subsidiary of Heublein. As such, the licensee, in recognition of KFC's continuing financial claim against it pursuant to the franchise contract, makes regular payments to it giving Heublein a financial interest in petitioner's business. In turn the petitioner is directly dependent upon Heublein for the continuation of its franchise, which is an important property right of the petitioner and of substantial value to it.

■ Petitioner urges strongly that KFC Corporation is not a manufacturer or wholesaler of any alcoholic beverage. We have previously held that the mere existence of a separate corporation inserted as a subsidiary between two principals will not insulate either principal from the clear intendments of the Oregon Liquor Control Law. *Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 514 P2d 888 (1973), Sup Ct *review denied* (1974); *Sportservice Corp. v. OLCC,* 15 Or App 226, 515 P2d 731 (1973), Sup Ct *review denied* (1974). We adhere to that rule.

In the view we have taken of this matter, we find it unnecessary to consider the remaining assignments of error.

Affirmed.