Argued February 17, reversed and remanded with instructions April 5, reconsideration denied May 12, petition for review denied June 2, 1976

# COLUMBIA COUNTY, *Appellant,*

*v.*

# KELLY, *Respondent.*

## (No. 21511, CA 5018)

548 P2d 163

*John F. Hunnicutt,* St. Helens, argued the cause and filed the brief for appellant.

*John W. Shonkwiler,* Portland, argued the cause for respondent. With him on the brief was Mark P. O'Donnell, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiff county appeals from the decision of the circuit court which denied its request to have defendant's dwelling declared a nuisance and to enjoin defendant from keeping what the county considers to be a mobile home on his property.

The sole issue presented is whether the trial court erred in refusing to declare defendant's structure a nuisance and to enjoin defendant from permanently maintaining it at its present location.

The facts are as follows: Sometime in 1970 defendant purchased the mobile home in issue in Portland, Oregon, and had it towed to Columbia County. Defendant first placed the mobile home on leased property about 1,000 feet from its present location. While the home was in the first location defendant proceeded to attach a 20' by 50' building or addition to the side of the mobile home.

On or about November 4, 1974, defendant moved both the mobile home and the addition to its present location, which is a parcel of real property being purchased by defendant and his wife. The area is zoned 'rural residential.' Mobile homes are permitted on land zoned 'rural residential' only temporarily while the property owner is constructing a permitted use. A special permit to temporarily site a mobile home is also required.

On or about that same date, namely, November 4, defendant applied for such a permit, but his request was denied on the ground that he did not meet one of the requirements for a permit, namely, having a valid building permit. Defendant was notified that the mobile home would have to be removed within 15 days.

The same day plaintiff learned that defendant was arranging to hook up utilities to his mobile home, and preparing to occupy it as a dwelling, notwithstanding

[ 3 ]

the fact that he had no permit and that he had not yet appealed the decision of the planning commission.

On December 6, 1974, the county applied to the circuit court for a temporary restraining order, requesting that defendant be prohibited from occupying his mobile home. The temporary restraining order was granted and subsequently vacated, on or about December 6.

On December 11 defendant's appeal to the county commission from the decision of the planning commission denying his special permit was likewise denied.

Although the record is unclear on this point, apparently about the same time defendant proceeded to reattach the 20' by 50' building or addition on the side of his mobile home, and to place both structures on wooden posts which had been imbedded in concrete blocks. The wheels and axles on defendant's mobile home were still attached and in place at the time this suit was filed, although the structure is apparently resting chiefly on the posts and blocks.

On December 26 a hearing was held on the county's request for a temporary injunction. The court then granted the injunction.

On June 20, 1975, a second hearing was held before a different circuit judge to determine whether the temporary injunction should be made permanent. The court considered the matter and denied the injunction on the ground that defendant's residence was not a mobile home within the meaning of Columbia County Zoning Ordinance #100. This is the order challenged on this appeal.

Defendant argues that his structure is now on a foundation; that it has therefore been transformed into a single family dwelling and a use which is permitted outright in a rural residential zone.

Our review is de novo. *City of Salem v. Trussell*, 3 Or App 465, 474 P2d 371, Sup Ct *review denied* (1970).

[ 4 ]

We conclude that the trial court erred in refusing to declare defendant's structure a nuisance, ORS 215.180 et seq, and to enjoin defendant from maintaining it at its present location without a special permit.

Section 104-2(46) of Columbia County Zoning Ordinance #100 defines a "mobile home" as:

> "Any vehicle or similar portable structure having no foundation other than wheels, jacks or skirtings and so designed or constructed as to permit occupancy for living or sleeping purposes."

Defendant acknowledged that his abode was a mobile home by applying to the planning commission for a special permit under Section 253-1 of the Columbia County Zoning Ordinance. When his request was denied because he did not have a valid building permit, he appealed that decision to the board of county commissioners. Again defendant's request was denied.

Instead of pursuing his statutory remedy by writ of review in the circuit court as authorized by ORS ch 215, defendant proceeded to reattach the 20' by 50' addition to the side of his mobile home and occupy it as a dwelling.

Defendant now asks that we give judicial sanction to his actions because he has, in disregard of the zoning ordinance requirements, placed his mobile home on wooden posts and concrete blocks, and has attached a frame addition to it.

We cannot do so. Defendant cannot avoid the prohibitions of this zoning ordinance simply by placing his mobile home on blocks or jacks. To hold otherwise would reward law defiance and make a mockery of the entire ordinance.

Secondly, defendant contends that the ordinance is unconstitutional because it is unreasonable and does not have a substantial relationship to the public health, safety and general welfare. We are satisifed that the challenged prohibition is not unreasonable, and does have a substantial relationship to the public

[ 5 ]

health, safety and general welfare of the citizens of Columbia County. See authorities collected in Annotation, "Exclusionary Zoning," 48 ALR3d 1210 et seq (1973). *Also, see generally, Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 330 P2d 5 (1958), *appeal dismissed* 359 US 436 (1959); *Kroner v. City of Portland et al.,* 116 Or 141, 240 P 536 (1925), and authorities cited therein.

Reversed and remanded with instructions to enter a decree not inconsistent with this opinion.

Reversed and remanded with instructions.

LANGTRY, J., concurring.

The dissent would allow defendant the benefit of at least a temporary prohibited use of zoned property because the county neglected to base its case upon both its zoning and building codes. I think this was unnecessary. When the defendant first located his mobile home upon the property in question, he did so in violation of Section 104-2(46) of the zoning code, as the court's opinion has pointed out. From that point on, I think he could gain nothing by changes he made in the foundations unless such actions were undertaken by lawful methods. He did not follow lawful methods, so I view his home as it was at the point where he completed its location. To hold otherwise would be to require the county to start unnecessary additional court action after this case is over.

SCHWAB, C. J., dissenting.

The equities are admittedly not with the defendant in this case, but I fear that fact has caused the majority to reach an incorrect result.

The majority finds defendant to be in violation of the zoning ordinance because he "placed his mobile home on wooden posts and concrete blocks, and has attached a frame addition to it." 25 Or App at 5. The

majority cites no provision of the *zoning* ordinance prohibiting such actions, and I am aware of none.[1]

Nor has Columbia County ever contended that defendant's construction activities violate the zoning ordinance. The actual issue in this case, as framed by the county's amended complaint, is whether defendant's abode is a "mobile home," a prohibited use under the zoning ordinance, or a "single family dwelling," a permitted use under the zoning ordinance. The relevant definitions provide:

> "MOBILE HOME - Any vehicle or similar portable structure having no foundation other than wheels, jacks or skirtings and so designed or constructed as to permit occupancy for living or sleeping purposes." Ordinance #100, Section 104-2(46).

> "DWELLING: SINGLE OR ONE-FAMILY - a detached structure designed for occupancy by one family." Ordinance #100, Section 104-2(21).

To be a mobile home under these definitions, defendant's abode must be: (1) portable, and (2) have no foundation other than wheels. The "portability" evidence is conflicting, indicating that even on-site constructed buildings can usually be moved, and that, therefore, this issue is ultimately a matter of degree. As I read the record, the evidence predominates in favor of finding that defendant's abode is closer to the relatively not-portable end of the spectrum. There is no conflict regarding the other component of the definitions—all the evidence indicates that defen-

---

[1] As the trial court's opinion succinctly points out, this case presents no building-code issue:

> "It is to be noted that the plaintiff proceeds strictly upon the * * * zoning ordinance and presented no theory with respect to violation of the building code, except tangentially in that the Columbia County planning director indicated in his testimony that he largely relied upon the building code in determining whether the residence of defendant is a mobile home within the meaning of the zoning ordinance.

> "* * * * *

> "Because there is no basis in the pleadings * * * [or] evidence, I do not reach the question of whether this structure violates the building code."

[ 7 ]

dant's abode now does have a foundation other than wheels.

The ultimate flaw in the majority's analysis, I submit, is the apparent belief: once a mobile home, always a mobile home. I think local governments are, of course, free to define the term so as to reach that result. But Columbia County's definition does not do so. Regardless of what it once was, defendant's abode has ceased to be a mobile home under the controlling definition. The possibility of such a metamorphosis is not unknown to the law—a fixture has been defined as "real property with a chattel past and the fear of a chattel future."[2]

I respectfully dissent.

[2]Fuller & Braucher, Basic Contract Law 806 (1964).