Argued September 27, affirmed November 29, 1976, reconsideration
denied January 12, petition for review denied March 15, 1977

CLACKAMAS COUNTY, *Respondent,*

*v.*

AGUE et ux, *Appellants.*

(No. 90259, CA 5803)

556 P2d 1386

*Mark P. O'Donnell,* Portland, argued the cause for appellants. With him on the brief was O'Donnell, Rhoades & Gerber, Portland.

*Scott H. Parker,* Deputy District Attorney, Oregon City, argued the cause for respondent. With him on the brief was Roger Rook, District Attorney, Oregon City.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendants appeal from a decree to the effect that their living in a mobile home on their property violates the Clackamas County Zoning Ordinance, is therefore a nuisance and is to be permanently abated.

■ The first issues involve interpretation of the zoning ordinance, which defines a "trailer house" as a "[b]uilding designed in such a manner that it may be moved from one location to another." Section 3.2. In spite of *all* evidence indicating that defendants' dwelling comes within this definition, they argue that the prohibition on "trailer houses" does not apply to the "mobile home" they own and occupy. We have previously concluded that the same "zoning ordinance uses the terms 'trailer park' and 'mobile home park' interchangeably." *Jackson v. Clackamas County Comm.,* 26 Or App 265, 267, n 3, 552 P2d 559, Sup Ct *review denied* (1976). It is equally clear that the ordinance uses the terms "trailer house" and "mobile home" interchangeably.

■ Defendants also argue the ordinance could not have been intended to prohibit their trailer house/mobile home because: (1) when the ordinance was adopted in 1960 the only such products were eight or ten feet wide and primarily vehicles; but (2) what they own is 14 feet wide and primarily a residence. Aside from the fact that section 3.2 defines defendants' residence as a trailer house, we think a term can continue to have the same fundamental meaning in spite of technological evolution. Otherwise, the almost 200-year-old freedom of speech guarantee arguably would not apply to radio and television.

■ Defendants contend the zoning ordinance restrictions on trailer houses/mobile homes conflict with the comprehensive plan, which states as a general policy: "Mobile and modular homes should be encouraged where appropriate, as a means of fulfilling limited income housing needs." The zoning ordinance does not permit mobile homes as a permitted use in any zone; it

allows mobile homes in licensed trailer parks, which are a conditional use in several zones. *See, Jackson v. Clackamas County Comm., supra.* Defendants seem to argue that unless the zoning ordinance contains blanket authorization to place mobile homes in substantial portions of Clackamas County, it conflicts with the comprehensive plan policy to encourage mobile homes where appropriate. We perceive no conflict between the plan and the existing ordinance.

A variety of constitutional arguments are invoked by defendants. But their reference to, for example, their "fundamental right to own property and to make their home on that property" does not make it easy to identify the precise constitutional issues. It should be noted, however, that the same lack of precision appears in much of the case law in the evolving area sometimes called "exclusionary zoning." *See,* Annotation, 48 ALR3d 1210 (1973), and authorities cited therein.

Assuming for the sake of discussion that some constitutional doctrine requires local governments to, as defendants claim, zone to provide for the housing needs of low-income residents, there is no basis in the present record to conclude that Clackamas County has not done so.

■ Defendants' most recognizable constitutional argument is an equal protection claim: that it is unconstitutional to distinguish between conventionally constructed homes and mobile homes. Such a distinction may, as most of defendants' argument attempts to show, be unwise. But the equal protection inquiry is only for minimum rationality. The distinction is minimally rational for several reasons; to cite only one, it is widely believed by realtors, tax appraisers, etc. that conventionally constructed homes tend to appreciate in value while mobile homes tend to depreciate in value. This is sufficient to enable zoning ordinances to distinguish between the two forms of housing. *Cf. Columbia County v. Kelly,* 25 Or App 1, 5-6, 548 P2d 163, Sup Ct *review denied* (1976).

[ 518 ]

■ Finally, defendants question the remedy granted to terminate their continuing violation of the zoning ordinance. This case was brought under ORS 215.180 which provides that the "use of land, in violation of * * * [a zoning] ordinance * * * shall be deemed a nuisance" and ORS 215.185 which creates the remedies of "injunction, mandamus, abatement * * * to prevent, * * * enjoin, abate, or remove the unlawful * * * use [of land]." To the extent that defendants suggest the legislature is powerless to create these various remedies, we disagree. To the extent that defendants suggest the remedy granted in this case was inappropriate, on de novo review we disagree.

Affirmed.