McCAULEY, *Appellant,*
*v.*
DEPARTMENT OF REVENUE, *Respondent.*
(No. 95862, CA 7527)

566 P2d 537

Donald H. Upjohn, Salem, argued the cause for appellant. With him on the brief was Heltzel, Byers & Upjohn, Salem.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Plaintiff appeals from a decision of the circuit court affirming an institutional reimbursement order issued by the Department of Revenue. The issue is whether the Department's right to reimbursement for the cost of institutionalization in a state facility is limited to the *current* income of the institutionalized person.

Plaintiff, a 70-year-old widow who suffers from a variety of physical and mental disorders, has been hospitalized at the Oregon State Hospital since 1967. There is little or no possibility that she will be released. The cost of plaintiff's care was paid by her daughter through May of 1973.[1] No costs have been paid since then. Plaintiff has liquid assets—cash and savings—totaling more than $54,000. Plaintiff receives current income from Social Security, annuities and miscellaneous sources that averages about $400 to $500 per month.

The order issued by the Department of Revenue in January 1976 assessed plaintiff $30,485.50 for the unpaid costs of her care since 1973, and required plaintiff to pay $1,446 per month for her care at Oregon State Hospital.[2] Plaintiff argues this order is erroneous to the extent that it imposes liability in excess of her current income; that is, that the Department is not authorized to assess charges against her liquid assets.

ORS 179.620 provides:

"(1) If a person at a state institution is possessed of an income sufficient to enable him to pay the expenses of his care and maintenance, the person at the state institution is required to reimburse the State of Oregon for the cost of the care and maintenance during his stay at the state institution.

---

[1] Statutes enacted in 1973 ended the obligation of children to pay for the care of their institutionalized parents.

[2] The order further provided that when plaintiff's assets are reduced to $1,200, her monthly charge for care will be reduced to $375. The briefs suggest the order was so designed to reduce plaintiff's assets to a level which would allow her to qualify for Medicaid.

[ 89 ]

"(2) A person at a state institution is liable for the payment of the monthly charge fixed as provided in ORS 179.701 for care and maintenance according to his ability to pay determined as provided in ORS 179.610 to 179.770.

"(3) Upon the death of any person who is or has been a person at a state institution, his estate shall not be liable for the cost of care and maintenance of the person as computed under ORS 179.701."

ORS 179.640(1) provides:

"The department shall determine by order whether the person at the state institution or his estate is financially able to pay for the care and maintenance at the state institution as required by ORS 179.610 to 179.770 * * *."

Various parts of these statutes seemingly conflict. ORS 179.620(1) arguably ties the duty to reimburse for the cost of care to a patient's current income alone, while ORS 179.620(2) more generally links the duty to reimburse to a patient's ability to pay. Further, ORS 179.620(3) expressly exempts a patient's estate from liability, while ORS 179.640 requires the Department to determine whether the patient or his estate is financially able to bear reimbursement charges.

This statutory scheme is the product of three different amendments adopted during the 1973 legislative session. The predecessor statutes made a patient, a deceased patient's estate and certain of the patient's relatives all liable for institutionalization charges. In 1973, all provisions which made a patient's estate and relatives liable were eliminated by Oregon Laws 1973, chs 546 and 823. Also in 1973, ORS 179.640 was amended to its present form by Oregon Laws 1973, ch 806, which restored the requirement that a patient's "estate" be considered in determining his or her ability to pay. The purpose of this latter amendment was, in the opinion of a member of the Ways and Means Committee, to enable the Department to make assessments against the assets of persons in state institutions. Apart from these com-

[ 90 ]

ments, no relevant legislative history has been preserved.

◼ From the present wording of ORS 179.620 and ORS 179.640 and the available legislative history, we conclude the legislature intended that the general rule would be that reimbursement liability would be determined by a patient's "ability to pay." ORS 179.620(2) and ORS 179.640; *see also* ORS 179.643.[3] The reference to a patient's income in ORS 179.620(1) is only one yardstick to be used to determine ability to pay.

◼ Another yardstick, relevant to this case, depends upon the meaning of "estate" in ORS 179.620(3) and ORS 179.640. As used in ORS 179.620(3)—"Upon the death of any person * * * his estate shall not be liable * * *"—the reference is obviously to a decedent's estate. As used in ORS 179.640—"* * * whether the person at the state institution or his estate is financially able to pay * * *"—we conclude the intended reference is to the estate of a living person, i.e., a reference to a patient's assets.[4] Such assets—cash and savings account for present purposes—are, under ORS 179.640, to be considered by the Department of Revenue in applying the general ability-to-pay rule.

Moreover, we find no indication that the legislature intended the anomalous result urged by plaintiff—that a patient with substantial assets but no current income would not be liable for the expense of institutionalization, but a patient with no assets and minimal current income would be liable for such charges to the extent of his or her income.

Affirmed.

---

[3]Before the 1973 amendments, the statutes limited reimbursement liability to ability to pay. *See,* e.g., ORS 179.610(3) (1971). We conclude that the 1973 amendments did not change this basic rule.

[4]Generally, the legislature is presumed to use the same word in the same sense in the same statute. *Cherry Growers v. Emp. Div.,* 25 Or App 645, 550 P2d 1250, Sup Ct *review denied* (1976). However, here we find an explicit legislative intent to use the word "estate" in different senses in ORS 179.620(3) and ORS 179.640. The contrary conclusion would produce an irresolvable conflict in the statutes.