In the Matter of Rankin, Richard, a Minor Child.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent,*
*v.*
RANKIN et ux, *Appellants.*
(No. 21884, CA 7257)
566 P2d 1209

George C. Reinmiller, Portland, argued the cause for appellants. With him on the brief was Hardy, Buttler, McEwen, Weiss & Newman, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

**THORNTON, J.**

The issue in this case is whether ORS 419.513[1] authorizes a juvenile court to require the parents of a mentally defective child in the custody of Children's Services Division (CSD), and by that agency placed in a state-licensed and -supported foster home, to contribute to the child's support. We hold the juvenile court is so authorized.

The child in question was made a ward of the juvenile court in October of 1962—less than two months after he was born—and committed to the Fairview Hospital and Training Center where he lived until August 10, 1976. On that date he was transferred by the Children's Services Division to a foster home. The child's parents—the defendants—contributed to his support until 1973 when the legislature enacted Oregon Laws 1973, ch 546, p 1202, which amended ORS 179.610-179.770, then known as the "Relatives' Responsibility Law," to eliminate parents' liability for contributions toward the support of their children lodged in certain state institutions.[2] Upon the transfer of the child by CSD to a foster home the Division instituted this proceeding against the defendants to reinstate their support obligation. It is from the order so doing that the defendants appeal.

---

[1] "The court may, after a hearing on the matter, require the parents or other person legally obligated to support a child found to be within the jurisdiction of the court to pay toward the child's support such amounts at such intervals as the court may direct. The court, in determining the amount to be paid, shall give due regard to the cost of maintaining the child, the financial resources of the parent or other person and the other financial demands on the resources of the parent or other person. Unless otherwise ordered, the amounts so required to be paid shall be paid to the county clerk for transmission to the person, institution or agency having legal custody of the child." ORS 419.513.

[2] The current edition of the Oregon Revised Statutes contains ORS 179.637 which purports to require that parents pay support for such children under certain circumstances. The parties concede that for reasons which it is not necessary to set forth here the codification is in error and that in fact there is no valid ORS 179.637 and no other statute containing provisions to the same or similar effect. We are advised that this error will be corrected in the 1977 Replacement Part.

■ Defendants' contentions are that a duly licensed foster home is a "state institution" for the purposes of ORS 179.610-179.770. In support of this position they argue:

> "The legislative history of Oregon Laws 1973 Chapter 546 indicates that the Legislature intended to relieve parents of retarded children from the liability of contributing towards their care both in state hospitals and in foster homes.",

and, further, that an interpretation of the statute which would require contributions by a parent of a mentally defective child in Fairview, but not in a state-licensed foster home would be a denial of their right to equal protection of law because there is no rational distinction between the two types of care insofar as requiring financial assistance from parents.

■ Even assuming that the 1973 legislature by repealing several provisions of the "Relatives' Responsibility Law" which provided that parents were financially responsible for the care and maintenance of a child within a state institution intended to free parents of responsibility for children placed in foster homes by the Children's Services Division, the legislature did not accomplish that act and we cannot ignore the clear mandate of the statute in order to accomplish a perceived legislative intent contrary to the words of the statute. *United States v. Oregon,* 366 US 643, 648, 81 S Ct 1278, 6 L Ed 2d 575 (1961); *Speck Restaurant v. OLCC,* 24 Or App 337, 339, 545 P2d 601 (1976); *Murphy v. Nilsen,* 19 Or App 292, 296, 527 P2d 736 (1974). ORS 179.010(3) states:

> " 'Institutions' means the institutions listed in ORS 179.321."

ORS 179.321(1) lists the following institutions:

1. Eastern Oregon Hospital and Training Center
2. F. H. Dammasch State Hospital
3. Columbia Park Hospital and Training Center
4. Fairview Hospital and Training Center
5. Oregon State Hospital

Furthermore, we do not perceive from the legislative history an intent on the part of the legislature to exempt parents from financial responsibility for mentally deficient children in foster homes. A report of a subcommittee of the Joint Ways and Means Committee concerning House Bill 2430, the bill which repealed the portion of the "Relatives' Responsibility Law" in question stated:

"The basic conflict, if any, exists in removal by the state of any parental financial responsibility for children in state institutions but allowing the courts to continue to issue child support orders under ORS [chs] 419 and 109.[3] Subcommittee No. 4 [of the Ways and Means Committee] was of the opinion that House Bill 2430 was a proper course of action to take notwithstanding the other parental responsibility statutes which exist for other state services provided."

The Minutes of the Ways and Means Committee of June 19, 1973, note that one member of the committee said he would oppose the bill because he was concerned with the inequities of parents' being relieved from responsibility while a child was in a state institution and becoming responsible again if that child is placed in a foster home.

■ Turning now to the constitutional issue, apparently the CSD is of the opinion that, by virtue of the legislative action in repealing the portions of the "Relatives' Responsibility Law" discussed above, the juvenile court has no power under ORS 419.513 to order the parents of a mentally defective child to contribute to the maintenance of that child in a state institution. Assuming without deciding that this interpretation of the law is correct, defendants' constitutional argument nevertheless fails. "* * * [T]he equal protection inquiry is only for minimum rationality * * *." *Clackamas County v. Ague,* 27 Or App 515, 518, 556 P2d 1386 (1976), Sup Ct *review denied* (1977).

---

[3] "Parents are bound to maintain their children who are poor and unable to work to maintain themselves * * *." ORS 109.010.

It is not unreasonable to assume that the cost of maintaining a child in an institution is substantially greater than that of maintaining a child in a residential environment and this alone meets the minimum-rationality requirement.[4] The distinction worked by the legislature may be unwise, or even inequitable, but it is not unconstitutional.

Affirmed.

---

[4] *See McCauley v. Dept. of Revenue,* 30 Or App 87, 566 P2d 537 (1977), in which the record disclosed that the cost of care at Oregon State Hospital is $1,446 per month. By contrast, the order in this case is to pay support at the rate of $305 per month.