CLINKSCALES et vir, *Appellants,*
*v.*
CITY OF LAKE OSWEGO, *Respondents.*
(No. 89595, CA 6816)
568 P2d 696

Desmond Connall, Portland, argued the cause for appellants. With him on the brief were Diane Spies, and Connall & Spies, P.C., Portland.

Lawrence Wm. Jordan, Jr., Lake Oswego, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

PER CURIAM.

[ 851 ]

**PER CURIAM.**

Plaintiffs appeal from an order holding constitutional a method adopted by the City of Lake Oswego for the financing of an extension of its sanitary sewer system. The plaintiffs contend that the plan adopted unconstitutionally discriminated against commercial property and in favor of residential property. Plaintiffs make two assignments of error:

"ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY AFFIRMING THE ADOPTION OF ORDINANCE NO. 1555 IN THAT IT DENIES EQUAL PROTECTION BY BEING CONFISCATORY AS APPLIED TO PLAINTIFFS ALL SIMILARLY SITUATED.

"* * * * *

"ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN AFFIRMING THE ADOPTION OF ORDINANCE NO. 1555 IN THAT THE ADOPTION OF THE ORDINANCE AND THE ASSESSMENT PROCEDURE WAS IMPROPER, ARBITRARY AND ABUSIVE AS APPLIED, AND DENIES PLAINTIFFS EQUAL PROTECTION AND DUE PROCESS OF LAW."

■   As to the first assignment of error there was no evidence presented that the cost to the commercial property would exceed the benefits. This fact disposes of that assignment. *See Stanley v. City of Salem,* 247 Or 60, 427 P2d 406 (1967).

■   As for the second assignment of error, we note only that there are bases for distinguishing between commercial and residential property in assessing costs for sewers that are more than sufficient to meet the minimum-rationality requirement. *Wing v. City of Eugene,* 249 Or 367, 437 P2d 836 (1968); *Clackamas County v. Ague,* 27 Or App 515, 556 P2d 1386, Sup Ct *review denied* (1976).

Affirmed.