Argued and submitted September 22, affirmed November 24, 1980

STATE OF OREGON,
*Respondent,*
*v.*
DUANE C. LEWIS,
*Appellant.*

(No. C-79-06-32038, CA 16748)

619 P2d 684

Jenny M. Cooke, Portland, argued the cause and filed the brief for appellant.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant was tried by a jury and convicted of theft in the second degree (ORS 164.045) for stealing a guitar. The guitar belonged to Floyd Julian, a professional musician. One day after the guitar was stolen, defendant sold it to a pawn shop, H & B Loan Company, for $100. The trial court suspended the execution of a one-year jail term and placed defendant on three years' probation. As conditions of probation, defendant was ordered to make restitution in the amounts of $100 to H & B Loan Company and $232 to Mr. Julian. Defendant appeals from the order of restitution.

Defendant first argues that the trial court erred in ordering him to pay $232 to Julian for Julian's cost of renting a replacement guitar. Defendant contends that restitution is inappropriate because Julian's guitar was returned to him undamaged.

ORS 137.106 provides:

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"* * * * *."

The operative terms are defined in ORS 137.103, as follows:

"As used in ORS 137.103 to 137.109 * * *:

"(1) 'Criminal activities' means any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.

"(2) 'Pecuniary damages' means all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses.

"(3) 'Restitution' means full, partial or nominal payment of pecuniary damages to a victim.

"(4) 'Victim' means any person whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities; 'victim' shall not include any co-participant in the defendant's criminal activities.

■    Under these statutes, a criminal defendant can be ordered to make restitution only for "pecuniary damages" which a victim has suffered. Defendant does not deny that Julian is a 'victim.' Since the rental costs incurred by Julian would be an item of special damages in a civil action against defendant, they are 'pecuniary damages' for which the trial court could appropriately order restitution to be made.

Defendant next argues that H & B Loan Company is not entitled to any restitution. In essence, his argument is that H & B was not a "victim" of his "criminal activities."

We have previously held that a defendant cannot be ordered to pay restitution where he neither admits nor is convicted of the criminal conduct from which the victim's loss resulted. *State v. Armstrong,* 44 Or App 219, 605 P2d 736, *rev den* (1980); *State v. Cox,* 35 Or App 169, 581 P2d 104 (1978); *cf. State v. Zimmerman,* 37 Or App 163, 586 P2d 377 (1978) (restitution appropriate where defendant admitted criminal activity). In *Armstrong* and *Cox* we reversed orders of restitution because there was no proof that defendants had taken the property for which the restitution was ordered. The present case is distinguishable; defendant admits that he received $100 from the pawn shop when he sold the stolen guitar.

In *State v. Stalheim,* 275 Or 683, 688, 552 P2d 829 (1976), the Supreme Court narrowly construed Oregon's statutory provision for restitution and held that a defendant could only be ordered to make restitution to the "direct victim" of a crime. ORS 137.103 and 137.106 are the legislature's response to the *Stalheim* decision. The legislative history clearly demonstrates that the legislature intended to broaden the category of persons who could receive restitution. Minutes, House Committee on Judiciary, February 21, 1977, p 5; Minutes, Senate Committee on Judiciary, May 31, 1977, pp 5-6.

■    Under the present scheme, a victim is "any person whom [*sic*] the court determines has suffered pecuniary damages * * *." ORS 137.103(4), *supra.* That is to say, a victim is any person who suffers "special damages * * *

arising out of the facts or events constituting the defendant's criminal activities * * *." ORS 137.103(2), *supra.* These statutes precisely describe the position in which H & B Loan Company found itself as a result of defendant's criminal activity. We hold that H & B Loan Company was a victim of defendant's criminal activities.

Affirmed.