Argued and submitted May 13, reversed and
remanded for resentencing June 29, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK CLAYTON SENNER,
*Appellant.*

### (No. 77-11-107, CA 18949)

630 P2d 381

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Christine L. Dickey, Assistent Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

This is a criminal case in which defendant was originally convicted of Burglary in the Second Degree and placed on probation. The present appeal arises out of the trial court's subsequent order continuing probation but requiring, *inter alia,* that defendant make restitution to the victim of a crime which the trial court found that defendant had committed while on probation. Defendant appeals, challenging the restitution condition of his continued probation. He has not been convicted of the offense; he denies committing it. We remand for resentencing.

The restitution order challenged here directs that defendant pay over $3,000 to the insurance company of a man injured in a brawl in which defendant and his brother were involved. Defendant contends, first, that it was error to require him to make restitution to an insurance company. Defendant is mistaken. *See State v. Lewis,* 49 Or App 447, 619 P2d 684 (1980).

He next contends that he may not be required to make restitution where he has neither been convicted of nor admitted to the offense for which the restitution is imposed. Defendant is correct. *State v. Armstrong,* 44 Or App 219, 605 P2d 736, *rev den* (1980).

The state argues that this issue is not a matter which can be raised on direct appeal. We have consistently considered such issues on direct appeal. *See, e.g., State v. Eastman,* 51 Or App 723, 626 P2d 956 (1981); *State v. Dillon,* 51 Or App 729, 626 P2d 959 (1981). We decline to alter that policy now.

Reversed and remanded for resentencing.[1]

---

[1] The defendant's other assignment of error does not require discussion.