Argued February 25, remanded for resentencing March 28, 1977

## STATE OF OREGON, *Respondent,*
### *v.*
## NORMAN EUGENE BRAUGHTON, *Appellant.*
### (No. 76-8-41C, CA 7086)

561 P2d 1040

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

LEE, J.

**LEE, J.**

As the result of a negotiated plea agreement defendant, charged by indictment with "robbery in the first degree" (ORS 164.415), entered a plea of guilty to the lesser offense of "robbery in the second degree" (ORS 164.405). A presentence investigation undertaken by the Corrections Division at the court's request revealed that during a seven-week period leading up to his arrest defendant had apparently participated in several additional armed robberies involving at least five different businesses located in the greater Portland area.[1] Having reviewed the presentence report, the court proceeded to sentence defendant to the legal and physical custody of the Corrections Division for a term of not to exceed 10 years; execution of that sentence was, however, suspended by the court which placed defendant on probation specifically on the condition that he make "restitution" of designated sums of money to five enumerated businesses, apparently the "victims" of the additional robberies for which defendant had not been charged.

On appeal defendant requests that the court's sentencing order be vacated and the case remanded for resentencing, contending that the court exceeded its statutory authority[2] by conditioning his probation upon the payment of "restitution" to other than the

---

[1] Prior to the submission of the presentence report defendant had in fact pled guilty to a charge of first degree robbery arising from one of the additional incidents cited; based upon that plea defendant was ultimately sentenced to a term of imprisonment of up to 10 years.

[2]
"A defendant who has plead guilty or no contest may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. * * * On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed * * *." ORS 138.050.

The state has raised the question of whether the sentencing order entered in this case is subject to review at all in light of the fact that the defendant made no objection to that order at the time of its entry. The sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized.

"victim" of the crime with which he had been charged and to which he had pled guilty.[3] We agree that the condition attached to the grant of probation was beyond the authority of the court.

Among the conditions upon which the granting or continuance of a defendant's probation may be made contingent is the "reparation or restitution to the aggrieved party for the damage or loss caused by [the] offense * * *." ORS 137.540 (10). Prompted by the "legal and practical complexities" which it believed would be created by a broad interpretation of this provision, the Supreme Court chose to narrowly construe that statute's terms in *State v. Stalheim,* 275 Or 683, 687-88, 552 P2d 829 (1976):

> "* * * We construe the term 'restitution' to mean the return of a sum of money, an object, or the value of an object which a defendant wrongfully obtained *in the course of committing the crime* * * * 'reparation' as encompassing only reimbursement for the victim's liquidated or easily measureable damages *resulting from the charged offense* * * * [and] 'aggrieved party' to refer to the direct victim of a crime * * *."[4] (Emphasis supplied.)

---

*State v. Leathers,* 271 Or 236, 531 P2d 901 (1975); *State v. Griffin,* 11 Or App 453, 502 P2d 614 (1972), Sup Ct *review denied* (1973). Where, as in this case, it is alleged that a sentencing court has exceeded its statutory authority in imposing a specific sentence, an objection below is not a prerequisite to the challenging of the sentencing order alleged to be void. *See State v. O'Neal,* 24 Or App 423, 545 P2d 910 (1976); *State v. Duncan,* 15 Or App 101, 514 P2d 1367 (1973).

[3] The indictment upon which the prosecution of defendant was based charged him with "unlawfully and knowingly threaten[ing] the immediate use of physical force upon Steven William Briggs * * * while in the course of committing theft of property * * *." Mr. Briggs was not among those to whom defendant was required to make restitution; neither does the record indicate whether any one of those to whom defendant was required to make restitution was the owner of the property taken from Mr. Briggs.

[4] Based upon its construction of the statute the court concluded in *Stalheim* that a sentencing court could not require a defendant convicted of criminally negligent homicide to make "reparation" to the family of the "direct victim"—i.e., the individual killed. In reliance upon that decision this court subsequently held in *State v. Getsinger,* 27 Or App 339, 556 P2d

In so holding the court acknowledged that some commentators and courts had, in fact, taken the position that similar restitution and reparation statutes should be interpreted in such a way as to permit a court to formulate conditions of probation which would provide for the compensation for *all* loss, damage or injury to others arising out of the commission of a crime. We have, however, been referred to no cases or commentaries in which it is proposed that such statutes ought to be so broadly interpreted as to permit a court to compel a defendant to compensate the victim of a crime for which he is not being sentenced or, as in this case, for which his guilt has not yet been established. Adoption of the trial court's interpretation of ORS 137.540(10) would not, we believe, be in accord with the approach taken by the Supreme Court in *Stalheim.*

Remanded for resentencing.

147 (1976), that the circuit court had exceeded its authority when, as a condition to the granting of probation, it required the defendant, convicted of "attempted unauthorized use of a motor vehicle," to make restitution to the insurer of the vehicle for claims it had paid to the vehicle's owner—the "direct victim"—for damage resulting from the commission of the crime.