Argued February 27, affirmed April 3, 1978

SHAFFER, *Appellant,*
*v.*
CITY OF WINSTON, *Respondent.*
(No. 76-2398, CA 8695)
576 P2d 823

Gary L. Hill, Roseburg, argued the cause for appellant. With him on the brief was Slocum, Poole & Hill, Roseburg.

William C. Wolke, Roseburg, argued the cause for respondent. With him on the brief was Luoma, Kelley & Wolke, Roseburg.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

Plaintiff seeks a declaration that a city ordinance, as applied, denies him equal protection of the law in violation of Article I, section 20[1] of the Oregon Constitution and denies him due process of law in violation of Article I, section 18[2] by taking his property for public use without just compensation. The circuit court found the ordinance to be constitutional, and plaintiff appeals.

The challenged ordinance establishes a residential maintenance code and provides for its enforcement. It is supplemented in practice by a written policy adopted by the city council which sets out priorities for enforcement. The ordinance establishes standards for residential buildings, declares that all substandard buildings are a public nuisance, and mandates abatement by repair, rehabilitation, demolition or removal. The priority list directs the city's building inspector to enforce the ordinance against abandoned or vacant buildings before enforcing it against occupied dwellings. The city administrator testified that enforcement priorities were necessary because the building inspector's other responsibilities did not leave him enough time to enforce the code against all buildings in the city. The city council gave highest priority to abandoned and vacant buildings because it believed that unoccupied structures were an attractive nuisance and

---

[1] Art I, § 20, Or Const, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[2] Art I, § 18, Or Const, provides:

"Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered; provided, that the use of all roads, ways and waterways necessary to promote the transportation of the raw products of mine or farm or forest or water for beneficial use or drainage is necessary to the development and welfare of the state and is declared a public use.

constituted a greater danger to the public than occupied substandard buildings.

In February, 1976, while plaintiff's rental house was vacant, he received notice that it was being condemned for various violations of the maintenance code. After conferring with city officials and appealing unsuccessfully first to the Housing Board of Appeals and then to the city council, plaintiff still declined to make the required repairs. Instead, he instituted this proceeding to challenge the constitutionality of the ordinance under which the city threatened to demolish his house and charge plaintiff for the demolition costs.

■ Plaintiff contends that the classification of buildings contained in the enforcement priority policy denies him equal protection because it is arbitrary and unreasonable. He acknowledges, however, that courts will not disturb a legislative classification unless the legislative body could not have had any reasonable grounds for believing that there were valid public considerations for the challenged distinctions. *Williams v. Schrunk,* 19 Or App 165, 170, 527 P2d 1 (1974). We review for minimal rationality. *Clackamas County v. Ague,* 27 Or App 515, 556 P2d 1386 (1976) *rev den* (1977). A reasoned belief that there is a greater danger to the public from unoccupied substandard buildings than from occupied ones is a rational basis for allocation of limited enforcement resources. Plaintiff's equal protection challenge has no substance.

■ Plaintiff next contends that the demolition of his house without compensation constitutes a taking of private property without just compensation and a violation of due process. The general rule is that a municipality in the exercise of its police power may, without compensating the owner, destroy a building that threatens the public safety where, after reasonable notice and opportunity, the owner fails to remedy

the dangerous condition. 7 McQuillin, Municipal Corporations 591, § 24.561 (1968); Anno., *Public Destruction—Private Residence,* 43 ALR3d 916 (1972). Plaintiff's situation comes under this general rule.[3]

Affirmed.

---

[3] *Horton v. Gulledge,* 277 NC 353, 177 SE2d 885, 43 ALR3d 905 (1970), relied on by plaintiff, is not to the contrary. The ordinance in that case was held unconstitutional because, unlike this ordinance, it gave no prior opportunity for repair.