Argued April 25, reversed and remanded for resentencing July 5, 1978

## STATE OF OREGON, *Respondent,*
*v.*
## JANICE ANN COX, *Appellant.*
### (No. C77-06-7980, CA 9695)

581 P2d 104

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals from the sentence imposed following her guilty plea to theft in the first degree as charged. The accusatory instrument charged defendant with "theft of one (1) ladies dinner ring with one large sapphire surrounded by diamonds, the property of Mr. and Mrs. Harry C. Murphy."

Defendant was sentenced to an indeterminate term not to exceed five years, execution of which was suspended, and defendant was placed on probation for five years. A condition of probation is that defendant make restitution to Mr. and Mrs. Murphy in the amount of $5,585. On appeal, defendant contends that the trial court exceeded its authority in imposing that condition. We agree.

Although somewhat sketchy, the record reveals that subsequent to defendant's arrest, the ring described in the Information was recovered, as were several additional items not previously reported stolen. After realizing that the extent of their losses was greater than originally thought, Mr. and Mrs. Murphy, who were defendant's former employers, inventoried their possessions and discovered that some other property was missing, none of which had been reported as stolen. A letter from the Murphys to the prosecuting attorney itemizing and assigning a value to the missing property was admitted, over objection, at the sentencing hearing. The total value so assigned was approximately $5,585. At no time did defendant admit to having taken the other missing items, and the prosecuting attorney noted at the sentencing hearing: "* * * and it's my understanding that as of right now the defendant has no knowledge or admitted stealing beyond what the police have actually recovered."

In *State v. Braughton,* 28 Or App 891, 893, 561 P2d 1040 (1977), we held that former ORS 137.540(10)[1] did

[1] Former ORS 137.540(10) authorized the court to order
  "* * * that the probationer shall:

not authorize an order requiring a robbery defendant to make restitution to alleged " 'victims' of the additional robberies for which defendant had not been charged." In *Braughton* we said:

"* * * We have, however, been referred to no cases or commentaries in which it is proposed that such statutes ought to be so broadly interpreted as to permit a court to compel a defendant to compensate the victim of a crime for which he is not being sentenced or, as in this case, for which his guilt has not yet been established. * * *" 28 Or App at 895.

The state attempts to distinguish *Braughton* on the ground that the Murphys are the only victims in this case, and the only question is the value of other property taken, which is satisfied by the letter from

---

"* * * * *

"(10) Make reparation or restitution to the aggrieved party for the damage or loss caused by offense, in an amount to be determined by the court."

The statute was amended in 1977 (Oregon Laws 1977, ch 371, § 3, p 304-5, and ch 380, § 2, p 318.) The relevant sections are currently codified as ORS 137.540(1) (j) and 137.106. ORS 137.540(1)(j) provides:

"(1) The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"* * * * *

"(j) Make restitution to the victim as provided in ORS 137.106."

ORS 137.106 provides:

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment.

"(3) If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issue."

[ 172 ]

the Murphys. The problem, however, is that in this case, as in *Braughton,* there are unresolved questions as to whether the defendant took the missing property. Accordingly, we hold that defendant cannot be ordered to make restitution for property she has not admitted,[2] or been convicted of, taking. Defendant was charged with, and admitted, theft of a ring. Because the ring was recovered, restitution has been accomplished to the extent permitted by the statute.[3] Accordingly, the sentence must be vacated.

Reversed and remanded for resentencing.

---

[2] ORS 137.103(1) (Oregon Laws 1977, ch 371, § 1) provides:

" 'Criminal activities' means any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant."

[3] The theft defendant acknowledged committing occurred on or about June 2, 1977. The statutory changes noted above became effective October 4, 1977. Neither party makes an issue as to whether the application of the amendments would make any difference in this case, assuming they may be applied retroactively. *See State v. Bussey,* 34 Or App 535, 579 P2d 264 (1978). We do not reach the question of retroactive application not only for that reason, but also because the requirements of neither statute were met.