Argued September 25, affirmed November 14, 1978

STATE OF OREGON, *Respondent,*
*v.*
RONALD JAY ZIMMERMAN, *Appellant.*
(No. 39385, CA 10907)

586 P2d 377

Marianne Oswald, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Defendant was convicted on a plea of guilty to a charge of burglary in the first degree. ORS 164.225. He was sentenced to a term of imprisonment and ordered to make restitution to the victim of the burglary for which he was convicted and also to the victim of another burglary committed the same night and which was originally charged in a separate count of the indictment on which the conviction was based. He appeals, arguing that the court lacked statutory authority to order him to make restitution to the victim of the other burglary, even though he admitted it and agreed in plea negotiations to make restitution to the victims of both burglaries in exchange for dismissal of one burglary charge.[1] ORS 137.106(1) provides:

> "When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

ORS 137.103 provides in pertinent part:

> "(1) 'Criminal activities' means any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.
>
> "* * * * *
>
> "(4) 'Victim' means any person whom [*sic*] the court determines has suffered pecuniary damages as a result of the defendant's criminal activities; 'victim' shall not include any coparticipant in the defendant's criminal activities."

■■ Defendant raises only one issue. He argues that despite the definition of "criminal activities" in ORS 137.103(1), the language of ORS 137.106(1) limits the sentencing court's authority to order restitution to

---

[1] Defendant was represented by counsel during the plea negotiations. At no time has he complained of any unfairness in the negotiations or in the bargain reached. He admitted both burglaries on the record when his plea was taken. His counsel also expressly stated to the court that defendant agreed to an order requiring restitution to the victims of both burglaries.

losses stemming only from the offense for which the defendant is convicted.

The statutes in question are inartfully drafted. Reading the ORS 137.103 definition of "criminal activities" into ORS 137.106(1) would make that subsection provide literally that the court could order restitution to the victim

"[w]hen a person is convicted of [any offense with respect to which he is convicted or any other criminal conduct admitted by him] which [has] resulted in pecuniary damages * * *."

Such a construction should be avoided. *State v. Irving,* 268 Or 204, 520 P2d 354 (1974). Defendant argues that the way out of the lingual morass is to disregard the definition of "criminal activities." That "simple solution" would not give effect to the intent of the legislature. The undeniable objective of the two provisions (ORS 137.103(1) and ORS 137.106(1)) was to make restitution a flexible sentencing device. The legislative history confirms that in framing a definition of "criminal activities" the legislature focussed specifically on the question whether the court's authority to order restitution should be limited to losses resulting from conduct for which the defendant is convicted.[2]

Consistent with the objective and the intended meaning of the statutory scheme as a whole, we conclude that ORS 137.106(1) authorized the court to include in its judgment an order that the defendant make restitution for pecuniary loss to the victim of the offense for which he was convicted and to the victim of the other criminal conduct which had been charged

---

[2] ORS 137.103 and 137.106 were enacted as Oregon Laws 1977 ch 371, §§ 1, 2. In the original bill (HB 2012) the term "criminal activities" was defined as "any offenses specified in ORS chapters 163, 164 or 165 with respect to which the defendant pleads guilty or no contest or is found guilty." During hearings before the House Judiciary Committee that definition was criticized by a prosecutor who complained that it would unduly limit plea negotiations. The definition was changed in committee to the form in which it appears in ORS 137.103(1).

against and admitted by the defendant. *Cf. State v. Cox,* 35 Or App 169, 581 P2d 104 (1978).

Affirmed.