Argued and submitted October 22, 1979,
reversed and remanded for resentencing January 28,
reconsideration denied March 6,
petition for review denied April 15, 1980 (289 Or 45)

STATE OF OREGON,
*Respondent,*

*v.*

RONALD CALVIN ARMSTRONG,
*Appellant.*

(No. 41224, CA 14643)

605 P2d 736

Clifford G. Collard, Toledo, argued the cause and filed the brief for appellant.

Virginia L. Linder, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Defendant appeals from the sentence imposed following his guilty plea on a charge of theft in the first degree. ORS 164.055. He was sentenced to three years' imprisonment and ordered to make restitution, not only to the victim of the theft, but also to the victim of another theft for which he was originally charged in a separate count of the indictment that was dismissed as a result of a negotiated plea agreement.

The plea agreement provided that defendant would plead guilty to one count of theft in exchange for dismissal of the other count; it also provided that defendant pay restitution to both victims for their losses.

Defendant contends that the court lacked statutory authority under ORS 137.106(1) and ORS 137.103(1) to order him to make restitution to the victim of the other theft since he was neither convicted of the charge nor did he admit the crime, although he did agree in plea negotiations to make restitution for both. Defendant also seeks review of the portion of the sentence ordering him to pay $581.15 to Lincoln County for the cost of his transportation to Oregon after waiver of extradition.

ORS 137.106(1) provides:

> "(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

ORS 137.103(1) defines "criminal activitites" to include "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant."

In *State v. Zimmerman,* 37 Or App 163, 586 P2d 377 (1978), we considered the legislative history of ORS 137.103(1) and ORS 137.106(1) and concluded that:

"*** The undeniable objective *** was to make restitution a flexible sentencing device. The legislative history confirms that in framing a definition of 'criminal activities' the legislature focussed specifically on the question whether the court's authority to order restitution should be limited to losses resulting from conduct for which the defendant is convicted. [2]

"[2]ORS 137.103 and 137.106 were enacted as Oregon Laws 1977 ch 371, §§ 1, 2. In the original bill (HB 1012) the term 'criminal activities' was defined as 'any offenses specified in ORS chapters 163, 164 or 165 with respect to which the defendant pleads guilty or no contest or is found guilty.' During hearings before the House Judiciary Committee that definition was criticized by a prosecutor who complained that it would unduly limit plea negotiations. The definition was changed in committee to the form in which it appears in ORS 137.103(1)."

We upheld a restitution order covering pecuniary losses of the victim of criminal conduct admitted by the defendant during plea negotiations as well as those of the victim of the offense for which he was convicted.

In the instant case, defendant did not admit his guilt to the other theft charge during plea negotiations. In fact, he expressly denied his guilt at the time of sentencing, even though he had agreed during out-of-court negotiations and at sentencing to make restitution to both victims.

We have previously held that a defendant cannot be ordered to pay restitution to a victim when the question of whether he committed the criminal activities remains unresolved. *State v. Cox,* 35 Or App 169, 581 P2d 104 (1978); *State v. Braughton,* 28 Or App 891, 561 P2d 1040 (1977). In *Braughton,* we said:

"*** We have, however, been referred to no cases or commentaries in which it is proposed that such statutes ought to be so broadly interpreted as to permit a court to compel a defendant to compensate the victim of a crime for which he is not being sentenced or, as in this case, for which his guilt has not yet been established. ***" 28 Or App at 895.

[222]

The question of defendant's guilt to the other theft was not established. He neither admitted nor was convicted of that charge. We therefore conclude that the court exceeded its statutory authority in ordering restitution to both victims. While the trial court is granted discretion to accept or reject a plea agreement (ORS 135.432), its sentencing authority is limited to what is specifically authorized by statute. *State v. Leathers,* 271 Or 236, 531 P2d 901 (1975).[1]

Defendant also claims that the trial court erred in ordering him to pay for the cost of his transportation to Oregon after waiver of extradition. The costs which may be properly assessed as part of a sentence are defined in ORS 161.665(2), which provides:

> "Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

To be extraditable the defendant had to have been "charged" with a crime in this state. US Const, Art IV, § 2; *see* ORS 133.743 *et seq.* The expense of transporting the defendant to Oregon was a cost specially incurred by the state in prosecuting him on that charge and was properly assessed as part of his sentence. *See State v. Fuller,* 12 Or App 152, 504 P2d 1393, *rev den* (1973), *aff'd* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974).

Reversed and remanded for resentencing.

---

[1] Counsel on appeal also represented the defendant at trial. He was appointed to represent the defendant on appeal after the Public Defender declined appointment. We make no comment on the propriety of counsel's asserting on appeal the invalidity of an agreement he negotiated at trial.