Argued and submitted August 25, affirmed October 27, 1980

STATE OF OREGON,
*Respondent,*

*v.*

NEWEL P. BAKER,
*Appellant.*

(No. 24195, CA 15412)

618 P2d 997

Earl H. Mickelsen, Portland, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gray, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Richardson and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant appeals his convictions for violation of former ORS 92.325(1)[1] of the Oregon Subdivision Control Law, which provided:

"No person shall offer any subdivided lands for sale or lease after January 25, 1974, without having complied with all the applicable provisions of ORS 92.305 to 92.495 and 92.820."

The indictment charged that the defendant

"* * * did unlawfully and knowingly, acting on behalf of and in the name of Land Developers Service, Ltd., an Oregon Corporation, sell subdivided lands to W. Dan and Lena Morgan, husband and wife, located in Township 16 South * * * without having complied with the Oregon Subdivision Control [L]aw as required in ORS 92.325(1) in that the said defendant and Land Developers Service, Ltd., did fail to file a Notice of Intent to subdivide, * * *."[2]

The land which was subdivided is 118 acres located in Deschutes County. In November, 1975, defendant sold 78 acres of the parcel by contract to Land Developers Service, Lts. (LDS), a corporation which defendant controlled and in which he served as president. In August, 1976, defendant and his wife executed a contract with Freda Johnston whereby Johnston was to receive ten acres of the land upon fulfillment of an employment contract with defendant. In April, 1977, defendant and his wife transferred the same ten acres by warranty deed to LDS. On the same day, LDS transferred the ten acres to Johnston by warranty deed.

In July, 1977, LDS executed a contract with a Mr. and Mrs. DeSart for the sale of ten acres which was owned by LDS. This land adjoined the Johnston property. In August, 1977, LDS executed a contract

---

[1] Amended by Oregon Laws 1977, ch 809, and Oregon Laws 1979, ch 242.

[2] There are two other cases which were consolidated with this one for trial. One was another indictment related to the property sold to the Morgans and the other an indictment related to the property sold to the Moyes. Those cases are decided by this opinion also.

with a Mr. and Mrs. Moyes for the sale of ten acres. This parcel adjoined the DeSart property. Also in August, 1977, defendant and his wife transferred 30 acres to LDS by warranty deed, and in the same month executed a contract for the sale of two five-acre parcels to a Mr. and Mrs. Morgan.

Defendant first assigns as error the trial court's instruction on the meaning of "subdivided lands" and "subdivision" as those terms were defined in former ORS 92.305, which provided:

"As used in ORS 92.305 to 92.495:

"* * *

"(8) 'Subdivided lands' and 'subdivision' mean improved or unimproved land or lands divided, or created into interests or sold under an agreement to be subsequently divided or created into interests, for the purpose of sale or lease, whether immediate or future, into 11 or more undivided interests or four or more other interests."

Defendant also assigns as error the court's failure to give an instruction on the meaning of "subdivide land" as that term was defined in former ORS 92.010(10),[3] which provided:

"As used in ORS 92.025 to 92.160

"* * * * *

"(10) 'Subdivide land' means to divide an area or tract of land into four or more lots within a calendar year when such area or tract of land exists as a unit or contiguous units of land under a single ownership at the beginning of such year."

■ Defendant contends that under former ORS 92.010 he could subdivide his property into less than four tracts in any calendar year without complying with the requirements of former ORS 92.325(1). Defendant is wrong. ORS 92.010 *et seq* dealt with the approval of plans, plats and the partitioning of land by cities and counties for land use planning purposes. The definition as used in that section of the statute has no application to this case. The court was correct in giving the instruction containing the definition used in the

---

[3] Amended by Oregon Laws 1977, ch 809, and Oregon Laws 1979, ch 46.

Subdivision Control Law, the statute under which defendant was charged.

■■ Defendant also assigns as error the court's holding that the parcel deeded to Johnston was to be included as one of the interests in the subdivision. Defendant maintains that this parcel originated with himself and his wife while the others were created by LDS. Former ORS 92.305(9) provided:

> " 'Subdivider' means any person who causes land to be subdivided into a subdivision for himself or for others, or who undertakes to develop a subdivision. * * *"

Defendant manifested a scheme to subdivide property. It is immaterial whether the interests were created by defendant personally or through LDS which defendant controlled. An officer of a corporation can be held criminally responsible for an unlawful corporate act where that act is done at the officer's direction. *State v. Ross,* 55 Or 450, 104 P 596, 106 P 1022 (1910), *appeal dismissed* 227 US 150, 33 S Ct 220, 57 L Ed 458 (1913); ORS 161.175. The court correctly included the Johnston parcel.

■■ Defendant next assigns as error the court's instruction defining the term "knowingly" and the exclusion of a letter to defendant from his attorney. He claimed the letter advised him he did not have to file a notice of intent and that the letter would show he did not knowingly violate the law. The evidence was undisputed that defendant had filed notices of intent to subdivide land in the past but that he felt he did not have to file based upon the information in the letter. The court correctly excluded the letter. A mistake of law is not a defense. *People v. Byers,* 90 Cal App 3d 140, 153 Cal Rptr 249, 254 (1979). *State v. Montoya,* 91 NM 262, 572 P2d 1270 (1977); *U.S. International Minerals and Chemical Corp.,* 402 US 558, 91 S Ct 1697, 29 L Ed 2d 178 (1971). *See also* Proposed Oregon Criminal Code 97, Commentary, § 9 (1970). The court

properly gave the statutory definition of "knowingly" in ORS 161.085(8).[4]

■ Defendant also maintains the court erred in the imposition of a sentence greater than that authorized for a violation. He argues that ORS 161.105(2) provides that a statute not requiring a culpable mental state constitutes a violation and, further, that the statute under which he was convicted requires no culpable mental state. The Supreme Court said in *State v. Wolfe,* 288 Or 521, 605 P2d 1185 (1980), "The culpable mental state implicit in the definition of this crime may be determined from the conduct and the circumstances with which it deals." 288 Or at 525. The court also concluded that because a criminal statute does not clearly indicate that the legislature intended to create an offense without any culpable mental element, it would be improbable that a crime described as a felony and carrying a severe sentence would not require culpability.

The purpose of the Subdivision Control Law is stated in ORS 92.313(1). It provides:

"(1) The Legislative Assembly finds that the development of new subdivisions and the promotion of sales and leases of such property are now largely uncontrolled and unregulated in this state and that a need exists to protect the public from fraud, deceit and misrepresentation."

And ORS 92.317 states:

"* * * [I]t is therefore declared to be the policy of the State of Oregon that the Attorney General protect the rights of such real estate purchasers to the greatest extent practicable * * *."

The penalty provisions for violation of the statute with which defendant was convicted provide for a fine not exceeding $10,000, or by imprisonment in the penitentiary for a period not exceeding three

---

[4] ORS 161.085(8) provides:

" 'Knowingly' * * * when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists."

years, or in the county jail not exceeding one year, or by both such fine and imprisonment. We do not believe the legislature intended to punish unknowing acts with such severity but, to the contrary, provided for the penalties because of its great concern in protecting the public from fraud. We conclude that former ORS 92.325(1) required a culpable mental state and defendant's offense constituted a felony.[5]

■ ■ Defendant finally contends the sentence is in violation of the equal protection clause in that the sentences prescribed in the Subdivision Control Law are greater than those for violation of ORS 92.010 to 92.090 and ORS 92.100 to ORS 92.160, which are statutes regulating subdivisions for other purposes previously referred to. We conclude that defendant's equal protection argument is without merit. Courts will not disturb a legislative classification unless the legislative body could not have had any reasonable grounds for believing that there were valid public considerations for the challenged distinction. *Shaffer v. City of Winston,* 33 Or App 391, 576 P2d 823 (1978); *Williams v. Schrunk,* 19 Or App 165, 527 P2d 1 (1974); *Clackamas County v. Ague,* 27 Or App 515, 556 P2d 1386 (1976), *rev den* (1977); *Brown v. Portland School Dist. No. 1,* 48 Or App 571, 617 P2d 665 (1980). The legislature could reasonably have determined that violation of provisions of the Subdivision Control Law is more serious, and therefore warrants greater penalties, than violation of provisions governing platting, planning and partitioning of land that promotes land use planning.[6]

Affirmed.

---

[5] ORS 161.525 provides:

"Except as provided in ORS 161.585 and 161.705, a crime is a felony if it is so designated in any statute of this state or if a person convicted under a statute of this state may be sentenced to a maximum term of imprisonment of more than one year."

[6] We do not consider defendant's assignment of error regarding his demurrer, which was based on the statute of limitations of six months in charges involving a violation, because of our holding that this was not a violation.