Argued and submitted February 11, affirmed May 26, reconsideration denied July, petition for review denied August 4, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## DUANE BOSWELL,
*Appellant.*

(No. 80-5-371, CA 18941)

628 P2d 763

Howard R. Lonergan, Portland, argued the cause for appellant. With him on the brief were Clint A. Lonergan and Richard L. Lonergan, Portland.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Soilicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

Richardson, P. J., specially concurring.

## VAN HOOMISSEN, J.

Defendant appeals a judgment and sentencing order finding him guilty of one count of Theft in the First Degree and imposing a sentence based on his plea of guilty. He contends the court did not have authority to order restitution to victims of two charges which were dismissed as part of a plea bargain. He also contends the amount of restitution ordered was excessive.

Defendant was charged in a single indictment with three counts of Theft in the First Degree involving three separate victims. After plea negotiations he pled guilty to Count I, which charged theft of some railroad ties. Pursuant to the plea agreement, Counts II and III were dismissed. Most of the railroad ties were recovered and the railroad did not seek restitution on Count I. The court ordered defendant to make restitution to the victims identified in Counts II and III.

Defendant contends that because he neither pled guilty to Counts II and III, nor admitted those offenses, the court could not require restitution on Counts II and III. The state contends the defendant admitted the thefts alleged in the dismissed charges and, therefore, restitution on all three counts was proper. The state argues that a statement in paragraph 7 of defendant's Petition to Enter Plea of Guilty, which was signed by the defendant and witnessed by his attorney,[1] constituted an admission of guilt on all three counts. The petition states:

---

[1] Defendant was represented by competent and experienced defense counsel. The Certificate of Counsel, which constitutes an integral component of the defendant's Petition to Enter Plea of Guilty, provides:

"The undersigned, as lawyer and counsellor for the above defendant hereby certifies:

"1. I have read and fully explained to the defendant the allegations contained in the indictment in this case, all lesser included charges and all possible defenses the defendant may have in this case.

"2. To the best of my knowledge and belief the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

"3. I have explained the maximum penalty for each count to the defendant, and consider him competent to understand the charges against him and the effect of his petition to enter a plea of guilty.

"I know * * * the District Attorney shall make no recommendations to the Courts concerning my sentence except as follows Restitution if any for admitted complicity[2] in all 3 counts."

■ A defendant may be ordered to make restitution to victims of crimes of which he has been convicted or which he admits. ORS 137.106(1); *State v. Dillon,* 51 Or App 729, 626 P2d 959 (1981); *State v. Zimmerman,* 37 Or App 163, 586 P2d 377 (1978). In *State v. Armstrong,* 44 Or App 219, 605 P2d 736, *rev den* 289 Or 45 (1980), we held the court lacked authority to order restitution to a victim of a crime when defendant's responsibility for the crime remained unresolved. *See also, State v. Cox,* 35 Or App 169, 581 P2d 104 (1978); *State v. Braughton,* 28 Or App 891, 561 P2d 1040 (1977).

■ Defendant's contention that he has not admitted the thefts alleged in Counts II and III is inconsistent with the statement in his plea petition. By signing that statement, defendant, while asking to plead guilty to one count and to have two counts dismissed, admitted his culpability on all three counts. Therefore, we conclude the order for restitution to the victims of all three offenses was authorized.[3]

"4. The plea of 'GUILTY' offered by the defendant in paragraph 7 accords with my understanding of the facts he related to me and is consistent with my advice to the defendant.

"5. In my opinion the plea of 'GUILTY' as offered by the defendant in paragraph 7 of the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of 'GUILTY'.

"6. Having discussed this matter carefully with the defendant, I am satisfied, and I hereby certify, in my opinion, that he is mentally and physically competent; there is no mental or physical condition which would affect his understanding of these proceedings; further, I state that I have no reason to believe that he is presently operating under the influence of drugs or intoxicants. (Any exceptions to this should be stated by counsel on the record.)

"Signed by me in the presence of the defendant above named and after full discussion of the contents of this certificate with the defendant, this 22 day of July, 1980.

"/s/ Howard R. Lonergan
Attorney for the Defendant"

[2] Complicity: Association or participation in or as if in guilt. Webster's Third New International Dictionary (1971).

[3] Trial judges considering restitution for offenses other than those of which a defendant has been convicted would be well advised to establish clearly on the record that the defendant has admitted such offenses.

Defendant's second contention is that the restitution ordered was excessive. Defendant did not raise this issue in the trial court, nor did he request a hearing on the amount of restitution. ORS 137.106(3). We therefore decline to review the merits of that claim of error. *State v. Ivie,* 38 Or App 453, 590 P2d 740 (1979).

Affirmed.

**RICHARDSON, P. J.,** specially concurring.

Although I agree with the conclusion that the judgment should be affirmed, I do not agree with the implication in the lead opinion that the statement in the plea petition, standing alone, is sufficient to authorize restitution for the two offenses to which defendant did not plead guilty.

Restitution is authorized by statute, ORS 137.106(1), for victims of defendant's criminal activities. Liability for restitution is authorized for "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." ORS 137.103(1). Consequently, if defendant is not convicted of an offense after trial or a plea of guilty, restitution is authorized only if he admits the conduct for which restitution is sought.

In *State v. Armstrong,* 44 Or App 219, 605 P2d 736, *rev den* 289 Or 45 (1980), defendant was charged with two separate thefts. As a result of plea negotiations, he pleaded guilty to one charge and the other was dismissed. Although he agreed, in the plea negotiations, to make restitution to the victims of both thefts, he specifically denied committing the charge which was dismissed. The trial court ordered restitution for the victims of both offenses. We reversed, noting the defendant had not admitted the second theft. We said: "* * * a defendant cannot be ordered to pay restitution to a victim when the question of whether he committed the criminal activities remains unresolved." 44 Or App at 222. Resolution of that question is for the trial court. It is essentially a question of fact whether defendant has admitted the crime for which restitution is sought. For purposes of determining a basis for restitution, the admission of a defendant is essentially the same as a plea of guilty that would support a conviction, but a judgment of

conviction is not entered because of a plea bargain. Because such an admission can result in liability for substantial sums of money,[1] defendant's responsibility for the criminal activities ought to be firmly established. The determination of whether defendant admits other criminal activities should be made with essentially the same formalities that surround a plea of guilty to an offense.

The state argues, and the lead opinion agrees, that the statement in the plea petition is an admission sufficient to authorize restitution for victims of the two charges which were dismissed. The plea petition, written on a printed form, contained the following statement:

"I know * * * the District Attorney shall make no recommendations to the Courts concerning my sentence except as follows: *Restitution if any for admitted complicity in all 3 counts.*" (Emphasis added.)

The emphasized portion of the quotation was handwritten, the balance was part of the preprinted form. This statement is ambiguous respecting whether defendant was admitting he had committed the criminal activities alleged in Counts II and III of the indictment. The statement could be read as defendant's understanding of the plea negotiation that the state would recommend restitution *if* he admitted complicity in all three counts of the indictment. He in fact admitted, by his plea of guilty, complicity in only Count I.[2] The statement is also susceptible to the reading adopted by the lead opinion. Faced with this ambiguity, the trial court should have determined if defendant was in fact admitting guilt of the charges reflected in Counts II and III. The statement in the plea petition is not a sufficient "plea of guilty" to support a conviction for Count I and is not sufficient to support a conclusion that defendant admits guilt for Counts II and III.

Despite my disagreement that the statement is an admission, I agree that the judgment should be affirmed. Defendant was represented by experienced counsel, who also represented him on appeal. The plea petition was

---

[1] The total restitution ordered in this case was $3,555.59.

[2] The record contains only a transcript of the sentencing hearing. The record indicates defendant had pleaded guilty to Count I in a previous proceeding and a presentence report had been ordered.

prepared with the assistance of and signed by defendant's counsel. During the sentencing hearing defendant's counsel stated: "Yes, Your Honor. On this there was a plea to one count but the presentence works as if they were finding him guilty on all counts, * * *." There was no other statement by defendant or his counsel respecting the question whether he was admitting complicity in all three counts of the indictment. After the court pronounced sentence and orally ordered restitution for the victims of the crimes alleged in Counts II and III, the court inquired of defendant if he had any further statements. Defendant stated he did not, and his attorney made no further comments. Having presented the ambiguous statement in the plea petition to the court and having heard the court order restitution, it was incumbent upon defendant or his counsel to advance the arguments against restitution he makes for the first time on appeal. I conclude defendant has waived any contention that he did not admit the criminal activities alleged in Counts II and III of the indictment.

I agree with the lead opinion that defendant has waived any challenge to the amount of restitution ordered by failing to object in the trial court.