Argued and submitted January 20, affirmed as modified June 27, reconsideration
denied August 31, petition for review denied October 2, 1984 (298 Or 37)

STATE OF OREGON,
*Respondent,*

.    *v.*

CARLTON LEE HULL,
*Appellant.*

(10-81-03137; CA A27241)

683 P2d 157

Michael V. Phillips, Eugene, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his convictions on two counts of Theft in the First Degree and one count of Theft in the Second Degree. He contends that the trial court erred in instructing the jury, in denying his motion for judgment of acquittal on Count III and in ordering restitution. Defendant's first two assignments lack merit. We modify the restitution order and affirm as modified.

Defendant was charged with theft on three alternative theories: by taking, by deception and by theft of mislaid property. In 1978, he purchased a tractor and had it insured by Transamerica Insurance. In November, 1979, he refinanced the tractor through International Harvester Credit Corporation (IHCC) and insured it with Harco Insurance. In 1979, he purportedly sold the tractor to his employer, Steinbach, who made a $2,700 down payment and paid monthly payments totalling $738.

Defendant missed several payments to IHCC. It was about to repossess the tractor when defendant reported that it had been stolen. Steinbach did not learn of the reported theft until later, because defendant had taken the tractor from Steinbach with the agreement that defendant would lease it to a third party. Steinbach received no money from that transaction.

Defendant filed insurance claims with both Transamerica and Harco. Harco paid IHCC about $18,000. Transamerica issued a draft for about $22,000, but it stopped payment a few days later when it learned that Steinbach was the purported owner. However, defendant had already negotiated Transamerica's draft at Siuslaw Valley Bank. Transamerica then sought recovery from Siuslaw. The parties settled the claim, and both suffered losses in excess of $11,000.

The sentencing order provides:

"IT IS HEREBY ORDERED that the above-named defendant is sentenced to pay restitution in the amount of $3,000 to Carl Steinbach * * * $7,000 to Siuslaw Valley Bank * * * and $1,250 to Transamerica Insurance Group * * * with restitution to be made first to Mr. Steinbach, then to Siuslaw Valley Bank and then to Transamerica Insurance, payable in monthly installments of $150.00 per month until the same

shall be discharged, commencing the first day of the fourth month after he is released from custody; payments shall be made payable to the victim but paid through the Clerk of the Circuit Court, Lane County Courthouse, Eugene, Oregon, 97401.

"IT IS FURTHER ORDERED that the above-named defendant is sentenced to imprisonment for a term not to exceed five (5) years of which defendant is to serve not less than one (1) year, on Count I, and is hereby committed to the legal and physical custody of the Corrections Division of the State of Oregon; and defendant is sentenced on Count I to pay restitution as set forth above.

"IT IS FURTHER ORDERED that the imposition of further sentence on Count II is suspended and the defendant be and hereby is placed on probation to the Corrections Division of the State of Oregon for a period of five (5) years from this date upon the general and special conditions attached hereto and by this reference made a part hereof.

"IT IS FURTHER ORDERED that as to Count III charging the crime of THEFT IN THE FIRST DEGREE, the above-named defendant is sentenced to imprisonment for a term not to exceed five (5) years of which defendant is to serve not less than one (1) year, to run concurrently with the sentence imposed for Count I herein; and defendant is sentenced on Count III to pay restitution as set forth above."

Defendant argues that the order to pay restitution to Siuslaw Valley Bank is improper, because the bank has obtained a civil judgment against him for its losses. We disagree. Restitution is not a form of civil recovery. *State v. Dillon,* 292 Or 172, 179, 637 P2d 602 (1982). If defendant makes restitution for the loss covered by the civil judgment, "the court shall credit any restitution paid by the defendant to a victim against any judgment in favor of the victim in such civil action." ORS 137.109(1). We find no error.[1]

---

[1] Defendant argues that, as to Count I, he can only be ordered to pay $738 in restitution, as that is the amount of "pecuniary damages," ORS 137.103(2), suffered by the victim. He argues that the case was submitted to the jury on alternative theories of theft and that, after trial, the jury foreman told defense counsel that the verdict was based on a theory that the victim lost $738. He argues that restitution should be offset by the reasonable value of the use the victim made of a backhoe defendant was convicted of misappropriating. Defendant did not object on those grounds in the trial court, and he did not offer evidence on either of those theories. Therefore, we decline to consider the arguments. ORS 137.106(3); *State v. Ivie,* 38 Or App 453, 590 P2d 740 (1979).

■ ■    Defendant also argues that the trial court erred in failing to allocate restitution specifically to the individual counts. *See State v. Dillon, supra,* 292 Or at 174 n 1. A person may not be ordered to pay restitution for a crime for which he neither was convicted nor admitted committing. ORS 137.103(1). On Count I, defendant was convicted of theft from Steinbach. Neither Siuslaw nor Transamerica was involved in that charge. Therefore, the restitution order was technically improper in that regard. Similarly, Steinbach was not involved in the transaction for which defendant was convicted on Count III, and the restitution order was technically improper in that regard.

The trial court acted conscientiously and creatively in fashioning its restitution order. No useful purpose would be served by remanding this case merely for modification of the restitution order. Rather, we modify the order to require payment only to Steinbach as part of defendant's sentence on Count I and only to Transamerica Insurance and Siuslaw Valley Bank as part of defendant's sentence on Count III. *See* Or Const Art VII (Amended), § 3.

Restitution order modified to allocate restitution specifically to the appropriate individual counts; affirmed as modified.

---

To the extent that defendant is arguing that Siuslaw was not a "victim" under ORS 137.103(4), we note that the term is to be broadly interpreted, *see State v. Lewis,* 49 Or App 447, 450, 619 P2d 684 (1980), and that restitution is a "flexible sentencing device." *State v. Zimmerman,* 37 Or App 163, 166, 586 P2d 377 (1978).