Argued and submitted July 28, provision of judgment requiring restitution vacated; otherwise affirmed October 25, 1989

STATE OF OREGON,
*Respondent,*

*v.*

JAMES EDWARD VOETBERG,
*Appellant.*

(87-1052, 87-1053; CA A51098)

781 P2d 387

Ronald H. Hoevet, Portland, argued the cause for appellant. With him on the brief was Hoevet, Snyder, Neuberger & Miller, Portland.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., dissenting.

## ROSSMAN, J.

Defendant challenges the restitution ordered after his guilty plea for misapplication of entrusted property. ORS 165.095. He assigns as error the provision of the sentence requiring him to pay restitution to a victim of a crime for which he was originally charged but which was dismissed as a result of a plea agreement.

Defendant and his corporation, Tillamook Insurance Company, were charged in two indictments with three crimes involving two separate victims. In the first indictment, they were charged with theft in the first degree, ORS 164.055, and with misapplication of entrusted property, ORS 165.095, involving the Tillamook School District. In the second indictment, they were charged with theft in the first degree, ORS 164.055, involving Chase Logging Company.

After plea negotiations, defendant and his company pled guilty to misapplication of entrusted property from the Tillamook School District. Pursuant to the plea agreement, the remaining theft charges were dismissed. Defendant, as president of the corporation, admitted that his company was liable for restitution to the other victim, Chase Logging, but refused to admit any personal liability. However, the trial court ordered him to pay restitution to both Tillamook School District and Chase Logging.

ORS 137.106(1) authorizes restitution for victims of a defendant's criminal activities. "Criminal activities" are defined as "any offenses with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." ORS 137.103(1). Accordingly, if a defendant is not convicted of an offense, restitution is authorized only if he admits the criminal conduct for which restitution is sought. *State v. Hull,* 68 Or App 817, 683 P2d 157 (1984).

In this case, defendant did not admit any criminal conduct involving Chase Logging.[1] In fact, he expressly denied any personal criminal liability at the plea hearing. According to the state, the trial court could have concluded that, because of the close identity between defendant and his corporation, his admission of corporate liability constituted an admission

[1] The plea agreement did not obligate defendant to make any such admission.

of personal liability as well. That argument ignores the formalities of an admission for the basis for restitution.

> "For the purposes of determining the basis for restitution, the admission of a defendant is essentially the same as a plea of guilty that would support a conviction, but a judgment of conviction is not entered because of a plea bargain. Because such an admission can result in liability for substantial sums of money, defendant's responsibility for the criminal activities ought to be firmly established." *State v. Boswell,* 52 Or App 535, 539, 628 P2d 763 (Richardson, P. J., specially concurring) (1981). (Footnote omitted.)

Had the trial court found that Tillamook Insurance Company was indeed defendant's alter ego, it could have ordered him to pay restitution to Chase. Given that it did not, there was no admission upon which the court could base its order of restitution.

Provision of the judgment requiring restitution to Chase Logging Company is vacated; otherwise affirmed.

**WARREN, J.,** dissenting.

As president of the corporation, defendant stipulated that his company was "liable" for restitution to Chase Logging Company. Liability to pay can only arise from guilt. Thus, the company admitted the criminal conduct for which restitution is sought. Because the evidence in the record shows that defendant was the only corporate employe at the time of the illegal conduct, the trial court could conclude that defendant necessarily had admitted that he actually committed the acts constituting the crime. "An officer of a corporation can be held criminally responsible for an unlawful corporate act where that act is done [by or] at the officer's direction." *State v. Baker,* 48 Or App 999, 1003, 618 P2d 997 (1980); ORS 161.175. Accordingly, I would affirm the trial court's order requiring defendant to pay restitution to Chase Logging.

I dissent.