Argued and submitted June 25, remanded for resentencing; otherwise affirmed
December 26, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT WAYNE THORPE, JR.,
*Defendant-Appellant.*

Jackson County Circuit Court
040266BFE; A128450

175 P3d 993

John L. Susac, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services, Legal Services Division.

Hubert Chang, Certified Law Student, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

WOLLHEIM, J.

### WOLLHEIM, J.

Defendant appeals a judgment of conviction for one count of criminal possession of a forged instrument in the second degree, ORS 165.017. He assigns error to the trial court's order of restitution, arguing that the court did not have authority to order restitution for three separate counterfeit checks when defendant was convicted of and admitted to possessing only a single forged instrument. On review for errors of law, we remand for resentencing.

Initially, defendant and five codefendants were charged in a 17-count indictment alleging multiple counts including computer crime, ORS 164.377; identity theft, ORS 165.800; theft in the first degree, ORS 164.055; theft in the second degree, ORS 164.045; and forgery in the first degree, ORS 165.013. Defendant was named in seven of the 17 original charges. As part of a plea agreement, those charges were dropped, and defendant was charged with one count of criminal possession of a forged instrument in the second degree.[1] The information alleged that defendant,

> "on or about the 16th day of December, 2003, in Jackson County, Oregon, then and there being, did unlawfully possess a written instrument, knowing it to be forged, with intent to utter the said instrument, to-wit: counterfeit checks, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

Defendant pleaded guilty to that charge. The court suspended imposition of sentence, placed defendant on probation, and ordered that defendant pay restitution.

At the restitution hearing, the state sought restitution for three counterfeit checks, two in the amount of $500 each, and one in the amount of $2,500. The evidence at the

---

[1] The plea petition did not contain any indication that defendant agreed to pay restitution for the *dismissed* charges. This is not a case involving a stipulation by the parties or an agreement on the part of the defendant to pay restitution for the dismissed charges. Instead, the plea petition stated, "In consideration of my plea of guilty to District Attorney's Information of Criminal Possession of a Forged Instrument in the Second Degree the state will recommend 18 months['] supervised probation, credit for time served, standard conditions, restitution, no contact with co-defendants, possess no computer or computer equipment, fees and fines."

hearing demonstrated that the $500 checks appeared identical but were cashed at different WinCo stores in Oregon and California. Both $500 checks were dated December 16, 2003, were made payable to defendant, were written from the same account, and had the same check number. Codefendant Carrie Miller generated both counterfeit checks using a computer. A police detective testified at the hearing that defendant admitted to cashing one of the $500 checks "at WinCo around Christmas time and that he had gotten that [check] from Carrie Miller and used the money for Christmas with his son." At the hearing, defendant agreed that restitution was proper for one of the $500 checks but contested restitution on the remaining $500 check.

Defendant also contested restitution on the $2,500 check. That check was dated January 4, 2004, made payable to codefendant Kathy Morris, and written from the same account as the $500 checks. Miller generated the counterfeit $2,500 check for the purpose of bailing Morris out of jail. A police officer at the hearing testified that Miller "printed [the check] off and delivered it in a sealed envelope to [defendant] who was supposed to give it to Morris." The officer testified that defendant admitted to taking the check from Miller and delivering it to Swanson.[2] Swanson deposited the check into her bank account and later withdrew $2,500 to pay for Morris's bail. Defendant denied signing the $2,500 check.

At the close of the hearing, defendant's counsel argued,

"As to the $2,500 check, it's our contention that he passed that check along not knowing that it was forged at the time and with no intent for it to be uttered * * *. So it's not what he pled guilty to and he never made any admission that he intended to use the check or to utter the check."

The court ordered that defendant pay restitution in the amount of $3,500 for all three checks.

On appeal, defendant argues that the court erred in ordering him to pay restitution for one of the $500 checks and the $2,500 check because he was not convicted of, nor did he

---

[2] Swanson was not a codefendant.

admit to, criminal conduct relating to those two checks. The state concedes that the court erred in imposing restitution on one of the $500 checks but argues that the court correctly ordered restitution on the $2,500 check because defendant admitted to criminal conduct regarding that check. We agree and accept the state's concession as to the $500 check and focus our remaining discussion on the $2,500 check.

■        ORS 137.106 (2003)[3] describes a trial court's authority to impose restitution. ORS 137.106 authorizes a court to order restitution "[w]hen a person is convicted of a crime * * * that has resulted in pecuniary damages." ORS 137.106(1)(a). Pecuniary damages include all special damages "which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's *criminal activities*." ORS 137.103(2) (emphasis added). "Criminal activities," in turn, include

> "any offense with respect to which the defendant is convicted *or any other criminal conduct admitted by the defendant*."

ORS 137.103(1) (emphasis added). Accordingly, pursuant to ORS 137.106, "when a person is convicted of a crime, the trial court may impose restitution for damages recoverable in a civil action arising out of the facts or events constituting that crime or any other criminal conduct admitted by the defendant." *State v. Howett*, 184 Or App 352, 356, 56 P3d 459 (2002); *see also State v. Stephens*, 183 Or App 392, 395, 52 P3d 1086 (2002) (listing the three prerequisites to an order of restitution: (1) criminal activities, (2) pecuniary damages, and (3) a causal relationship between the two).

We start by determining whether defendant's conduct with respect to the $2,500 check constitutes "criminal activities." As noted, "criminal activities" include offenses that defendant was convicted of and "any other criminal conduct admitted by the defendant." ORS 137.103(1). Accordingly, we must first decide whether defendant was convicted of possessing the $2,500 check. As stated in the information,

---

[3] The legislature amended the restitution statutes during the 2005 legislative session. *See* Or Laws 2005, ch 564, §§ 1, 2. The 2003 version of the statutes were in effect at the time of the hearing in this case. Accordingly, all references herein are to the 2003 version of the statutes.

defendant was convicted of possessing a single forged instrument "on or about the 16th day of December, 2003." Because both $500 checks were dated December 16, 2003, and the $2,500 check was dated January 4, 2004, we conclude that defendant was convicted of possessing one of the $500 checks and not the $2,500 check. Accordingly, the order of restitution for the $2,500 check was proper only if defendant "admitted" criminal conduct regarding the $2,500 check, as required by ORS 137.103(1).

■■ In light of ORS 137.103(1), the court's authority to impose restitution on unconvicted conduct hinges on the defendant's admission of criminal conduct. As a result, to support restitution, the record must clearly reflect that the defendant admitted to unconvicted conduct that constitutes a criminal offense. *See State v. Boswell*, 52 Or App 535, 538 n 3, 628 P2d 763 (1981) (advising trial court to "establish clearly on the record that the defendant has admitted such offenses"). If a question of whether the defendant committed the criminal conduct remains unresolved, restitution is not proper. *State v. Armstrong*, 44 Or App 219, 222, 605 P2d 736 (1980). In other words, the defendant's admission of criminal conduct must be unequivocal, such that the admission would preclude the defendant from contesting guilt at a later time. *See State v. Kappelman*, 162 Or App 170, 175, 986 P2d 603 (1999) (suggesting that admissions of criminal conduct must "bind [the] defendant and preclude him from contesting" the admission).

In *Boswell*, we held that the defendant's plea petition in which he "admitted complicity" in charges that were dismissed was sufficient to constitute an admission of criminal conduct with respect to the dismissed charges. 52 Or App at 538. The concurring opinion in *Boswell* explained the significance of an admission of criminal conduct in the restitution context:

"For purposes of determining a basis for restitution, the admission of a defendant is essentially the same as a plea of guilty that would support a conviction, but a judgment of conviction is not entered because of a plea bargain. Because such an admission can result in liability for substantial sums of money, defendant's responsibility for the criminal activities ought to be firmly established. The determination

of whether defendant admits other criminal activities should be made with essentially the same formalities that surround a plea of guilty to an offense."

52 Or App at 539-40 (Richardson, P. J., specially concurring) (footnote omitted).

As the concurring opinion in *Boswell* suggests, and we agree, a defendant's admission must leave no question that the defendant committed criminal conduct that he or she was not convicted of committing. To hold otherwise would permit the state to obtain restitution for conduct that a defendant has not been convicted of or for which the defendant's culpability has not been established.

■ We apply that reasoning to the facts surrounding the $2,500 check. The state contends that the court did not err in ordering restitution on the $2,500 check because defendant's statement that he delivered the check from Miller to Swanson constitutes an admission of criminal conduct. Defendant disagrees, arguing that he did not admit to conduct that constitutes criminal conduct. For the reasons that follow, we agree with defendant.

Criminal possession of a forged instrument in the second degree is defined by ORS 165.017(1), which provides:

"A person commits the crime of criminal possession of a forged instrument in the second degree if, knowing it to be forged and with intent to utter same, the person possesses a forged instrument."

Accordingly, there are three elements of the crime: (1) knowledge that the instrument is forged, (2) intent to utter the instrument, and (3) possession of the forged instrument.

Based on the record in this case, defendant did not admit to conduct that constitutes a crime. Defendant admitted only to taking the check from Miller and delivering it to Swanson. Defendant did not admit to committing criminal possession of a forged instrument in the second degree because he did not admit anything to support the first element of that crime, *i.e.*, defendant did not admit to knowing that the $2,500 check was forged. In fact, at the hearing defendant's counsel expressly denied that defendant knew

the check was forged, arguing, "[I]t's our contention that he passed that check along not knowing that it was forged."

At oral argument before this court, the state acknowledged that defendant "did not specifically admit to the knowledge that [the $2,500 check] was forged." However, the state argued that, given the totality of the circumstances, we could infer that defendant knew that the $2,500 check was forged. Essentially, the state contends that the factual circumstances surrounding the $2,500 check are sufficiently similar to those surrounding the $500 checks, one of which defendant pleaded guilty to possessing, to infer that defendant knew that the $2,500 check was forged. Specifically, the state argues that Miller generated all three checks using the same method of printing counterfeit checks and that the checks were payable from the same account.

We agree with the state that such an inference is reasonable; however, as we noted above, ORS 137.103(1) requires that the record clearly reflect that defendant *admitted* to criminal conduct. Defendant's admission that he delivered the $2,500 check to Swanson does not constitute an admission of criminal conduct. Accordingly, the court exceeded its statutory authority in ordering restitution based on that check.[4] *Cf. State v. Thornton*, 103 Or App 296, 298, 796 P2d 1252 (1990) (rejecting the state's argument that circumstantial evidence that the defendant stole a stereo justified an award of restitution; because the defendant did not admit to stealing the stereo, restitution for the stereo could not be imposed); *State v. Voetberg*, 99 Or App 112, 114-15, 781 P2d 387 (1989) (The defendant's admission in a plea petition that his company was liable for conduct that he was not convicted of committing did not constitute an admission of personal liability for the conduct.).[5]

Remanded for resentencing; otherwise affirmed.

---

[4] Defendant makes an alternative argument that only admissions that occur within a plea bargain situation can support an order of restitution, citing *State v. Eastman/Kovach*, 292 Or 184, 637 P2d 609 (1981), and *State v. Stockton*, 105 Or App 162, 803 P2d 1227 (1991). Because we conclude that defendant did not admit to criminal conduct with respect to the $2,500 check, we do not consider defendant's alternative argument.

[5] It is not clear from the record which of the two $500 checks defendant was convicted of, and admitted to, possessing. On remand, the court should specify which of the $500 checks defendant pleaded guilty to possessing and adjust the restitution order appropriately.