Submitted August 7, award of restitution reversed, otherwise affirmed
September 16, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS KENNETH SULLIVAN,
*Defendant-Appellant.*

Deschutes County Circuit Court
13FE1341; A156857

359 P3d 549

Peter Gartlan, Chief Defender, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Nakamoto, Judge, and Tookey, Judge.

PER CURIAM

**PER CURIAM**

Defendant was charged with, among other things, three counts of possession of a stolen vehicle. ORS 819.300. Those charges related to defendant's possession of a stolen motorcycle owned by one victim and two stolen trucks owned by another victim. Defendant pleaded guilty to the charge relating to possession of the motorcycle, and the court dismissed the charges relating to possession of the trucks. Defendant did not admit to possessing those two vehicles. Nonetheless, at the restitution hearing, evidence was presented regarding pecuniary damages relating to the stolen trucks; no evidence was presented relating to the stolen motorcycle. In the judgment of conviction, the court imposed $8,192.26 in restitution, all relating to the dismissed charges.

On appeal, defendant asserts that the trial court had no authority to "impose restitution to a victim of a criminal offense to which defendant did not plead guilty or admit to committing." The state concedes that, under our decision in *State v. Thorpe*, 217 Or App 301, 175 P3d 993 (2007), the trial court erred in imposing the restitution at issue in this case because defendant did not admit to the conduct underlying the dismissed charges "or otherwise agree to pay restitution for those crimes." We agree. In *Thorpe*, we held that a trial court may not impose restitution arising out of dismissed charges where the defendant does not admit to the criminal conduct underlying those charges. *Id.* at 306. Here, as noted, the restitution imposed by the trial court arose out of dismissed charges relating to criminal conduct to which defendant did not admit. Accordingly, the court erred.

The state also concedes that the case should not be remanded for resentencing because there are not other options, such as a fine, that the trial court could permissibly adopt on remand. *See State v. Tippetts*, 239 Or App 429, 432, 244 P3d 891 (2010) (where there is an error in imposing restitution, ORS 138.222(5) requires remand for resentencing "so long as there remain options that the trial court could permissibly adopt on resentencing" (internal quotation marks omitted)). Under the circumstances of this case, we agree.

Award of restitution reversed; otherwise affirmed.